IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMOL HARRIS and MATT POORMAN, <br><br> Defendants. | 8:22CV255 <br><br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") Motion for Default Judgment (Filing No. 15). This case arises from the allegedly unauthorized exhibition of twelve pay-per-view broadcasts (the "broadcasts") at The Hophouse Bar and Grill ("Hophouse") in Omaha, Nebraska, between July 2019 and December 2020.

Joe Hand, which holds the exclusive right to license screenings of the broadcasts, originally sued defendants Jamol Harris ("Harris"), Matt Poorman ("Poorman"), and M & J Empire LLC d/b/a The Hophouse Bar & Grill ("M & J"), alleging they illegally received the broadcasts and exhibited them to Hophouse patrons without permission, in violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605.

Joe Hand filed the complaint on July 14, 2022 (Filing No. 1). The record indicates Joe Hand served Harris on October 6, 2022, by "affix[ing the summons] to the main door of [Harris's] last known residence" after the Court approved substitute service (Filing No. 7). The Court entered a Show Cause Order on October 18, 2022 (Filing No. 9) after Joe Hand failed to file proof of serving either Poorman or M & J. On October 20, 2022, Joe Hand filed a return of service (Filing No. 10) indicating it served Poorman on August 9, 2022, by leaving the summons with "Christina Spain" at Poorman's residence. The Court later dismissed M & J from the case for lack of service (Filing No. 14).

On November 8, 2022, Joe Hand moved for entry of default against Poorman and Harris (Filing No. 11), arguing both defendants "failed to respond to [the complaint] within the time prescribed by the Federal Rules of Civil Procedure." The Clerk of Court entered default later that day (Filing No. 12). Joe Hand then moved for default judgment against Poorman and Harris on December 27, 2022 (Filing No. 15).

Poorman, through counsel, filed a brief and affidavit opposing the motion on January 12, 2023 (Filing Nos. 21 and 22). In his affidavit, Poorman asserts he was "vaguely aware" of this lawsuit after his former girlfriend told him a "person at the door had some kind of papers for [him]." He states he never personally received the summons and does not believe his former girlfriend did either. Poorman nevertheless "consulted an attorney in August 2022," who advised him "to not take any action." After Poorman received the Clerk's Entry of Default in the mail on November 8, 2022, he "consulted the same attorney and was told by him that he would file a response."

Poorman "presumed that the attorney . . . was taking action," but later learned that wasn't the case. Poorman received notice of the instant motion on December 27, 2022. When he once again consulted that attorney, the attorney "disavowed any attorney-client relationship" and "any duty to take action." On January 10, 2023, Poorman met with his current counsel to "seek assistance with addressing" the motion for default judgment.

As for Harris, he filed a pro se "Affidavit [to] File an Answer" on January 30, 2023. The Court construes the document as a motion to set aside the default. Harris seeks an opportunity to "file an answer in response to the complaint" in this case "due to [his] previous council [sic] not filing an answer." He then cites two "understandings" that contributed to his failure to respond sooner: a belief that he was protected "from any

lawsuits" because M & J is a limited liability corporation, and a belief that the entire "claim [was] dismissed without prejudice" after M & J was dismissed from the case.[1]

Given these circumstances, the Court finds good cause to set aside the entry of default. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause."); *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)) ("When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"). Poorman's brief indicates the defendants may have meritorious defenses, and there is minimal prejudice to Joe Hand at this early stage to proceed to adjudication on the merits.

Default judgments are a "rare judicial act," *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir.1977)), that "are not favored by the law," *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). The Court is a bit skeptical of the defendants' explanations for their failure to respond sooner, but it cannot say this is a case of "willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *Harre*, 983 F.2d at 130). The responses from Poorman and Harris show "a marginal failure to comply with the time requirements," partly due to misinformation and reliance on former attorneys. *Harre*, 983 F.2d at 130.

Because "there is a 'judicial preference for adjudication on the merits,'" *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *Dayton Elec.* 140 F.3d at 784), Joe Hand's motion for default judgment is denied. Accordingly,

---

[1] Although Harris's motion, liberally construed, is enough to show good cause to set aside the default, it does not convey Harris's position very effectively. The Court cannot force Harris to retain counsel but strongly encourages him to do so, particularly since this is a complex area of law that is beyond the knowledge of most non-attorneys.

IT IS ORDERED:

1. Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment (Filing No. 15) is denied without prejudice.
2. The Clerk of Court's entry of default (Filing No. 12) against defendants Matt Poorman and Jamol Harris is set aside.

Dated this 7th day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge