IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | |
| Plaintiff, | 8:22CV255 |
| vs. | |
| JAMOL HARRIS, and MATT POORMAN, | ORDER |
| Defendants. | |

This matter is before the court on Defendant Jamol Harris's motion for leave to file an amended answer. (Filing No. 42). For the reasons below, the motion will be granted.

BACKGROUND

This case arises from the allegedly unauthorized exhibition of twelve pay-per-view broadcasts at The Hophouse Bar and Grill in Omaha, Nebraska, between July 2019 and December 2020. Joe Hand Promotions, Inc., which holds the exclusive right to license screenings of the broadcasts, originally sued defendants Jamol Harris ("Harris"), Matt Poorman ("Poorman"), and M & J Empire LLC d/b/a The Hophouse Bar & Grill ("M & J"), alleging they illegally received the broadcasts and exhibited them to Hophouse patrons without permission, in violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605.

The complaint was filed on July 14, 2022. (Filing No. 1). Plaintiff filed a return of service indicating service on Harris and Poorman in October 2022. (Filing Nos. 8 and 10). Thereafter, Plaintiff moved for a Clerk's Entry of Default on November

1

8, 2022, (Filing No. 11), and the Clerk entered a default against Harris and Poorman the same day. (Filing No. 12). Plaintiff subsequently moved for Default Judgment. (Filing No. 15). Plaintiff's claims against M & J were dismissed without prejudice for failing to comply with the court's orders and for want of prosecution. (Filing No. 14).

After appearances by both Harris and Poorman, Plaintiff's motion for default judgment was denied and the Clerk's Entry of Default was set aside. (Filing No. 24). Poorman filed an answer on March 21, 2023. (Filing No. 25). Harris was first ordered to file an answer or other responsive pleading on or before April 12, 2023. (Filing No. 26). After multiple extensions, Harris, representing himself, filed an answer on June 26, 2023. (Filing No. 33).

On June 28, 2023, the court ordered the parties to confer and submit a joint Rule 26(f) report before July 26, 2023. (Filing No. 34). On July 19, 2023, attorney Catherine Dunn filed a Notice of Appearance on behalf of Harris and filed the instant motion for leave to amend Harris's answer on August 7, 2023. (Filing No. 42). After an extension, the parties filed the Rule 26(f) report on August 11, 2023. (Filing No. 44). At this time, no progression order[1] has been entered.

ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely grant [such] leave when justice so requires." This standard is construed liberally, but a party does not have an absolute or automatic right to amend. United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748,

---

[1] In the District Court for the District of Nebraska, a case progression order is akin to a scheduling order under Fed. R. Civ. P. 16. See NECivR 16.1.

749 (8th Cir. 2005). Indeed, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted). "In most cases, [d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." Id. (internal quotation marks and citation omitted).

Plaintiff opposes Harris's motion, essentially arguing Harris was acting in bad faith when he did not secure counsel sooner and caused undue delay by requesting multiple extensions prior to filing an answer. (Filing No. 45). The court finds these arguments unpersuasive.

Though Plaintiff claims that Harris "flouted this Court's authority," that is not what the docket reflects. While Harris originally failed to timely file a responsive pleading, the court considered that deficiency and determined there was good cause to set aside the Clerk's Entry of Default. In doing so, the court found no evidence of "willful violations of court rules, contumacious conduct, or intentional delays." (Filing No. 24). Since that time, Harris timely complied with all court orders. He should not be penalized for the court's decision to grant his various extensions. The same can be said for attributing the delay in case progression to Harris. Moreover, the court notes that it issued two show cause orders prompting the Plaintiff to progress the case and subsequently dismissed Plaintiff's claims against M & J for Plaintiff's failure to comply with the court's orders and for want of prosecution. (Filing Nos. 9, 13, and 14).

Additionally, at the time of this order, and Harris's motion, no progression order has been issued and no deadline for either party to seek leave to amend

their pleadings has been set. Rather, the parties recently agreed to a deadline of November 6, 2023, for the parties to file motions to amend the pleadings. ([Filing No. 44 at CM/ECF p. 7](#)). Under such circumstances, an argument of undue delay or prejudice fails. Discovery has yet to commence, and Plaintiff has not identified any compelling reason to deny Harris's motion for leave to amend his answer.

Accordingly,

IT IS ORDERED:

1) Defendant Jamol Harris's motion for leave to amend his answer, ([Filing No. 42](#)), is granted.

2) Harris shall file his amended answer on or before August 28, 2023.

Dated this 21st day of August, 2023.

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge